# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YVETTE WEINSTEIN,

    Plaintiff,

v.

PREFERRED HOME MORTGAGE COMPANY, et al.,

    Defendants.

2:10-CV-1125 JCM (LRL)

### ORDER

Presently before the court is plaintiff Yvette Weinstein's motion to remand. (Doc. #7). Defendants responded (doc. #15), and plaintiff replied (doc. #16).

Under 28 U.S.C. §1441(b), this court has original jurisdiction over claims that turn on a substantial question of federal law. *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). Where a plaintiff claims to rely on a state remedy, but the rights he possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1211–12 (9th Cir. 1980).

Here, adjudication of plaintiff's third claim for relief, alleging that defendants violated NRS 598D, requires the court to resolve a substantial question of federal law. Chapter 598D applies to "home loans," NRS 598D.100, which are defined as mortgages covered by section 152 of the federal Home Ownership and Equity Protection Act of 1994 (HOEPA), 15 U.S.C. § 1602(aa), and its regulations at 12 C.F.R. § 226.32. NRS § 598D.040 (2005). Although the 2007 amendments to Chapter 598D have changed this definition, the 2005 version of the statute applies because plaintiff's

**James C. Mahan**
**U.S. District Judge**

1  loan was funded in 2005. *See Velasquez v. HSBC Mortgage Serv.*, 2009 WL 2338852 at *3–4 (D.
2  Nev. 2009) (exercising jurisdiction pursuant to the NRS 598D claim and finding that a case
3  commenced in 2009 based on a 2005 loan was subject to the law as it existed in 2005).

4  As the court has original jurisdiction over claim three, the court may adjudicate the entire
5  case, including state law claims, pursuant to the doctrine of supplemental jurisdiction. 28 U.S.C. §
6  1441(c); 28 U.S.C. §1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Here,
7  all of plaintiff's claims revolve around the same allegations of erroneous and misleading disclosures
8  and are a part of the same "case or controversy" within the meaning of 28 U.S.C. §1367. Therefore,
9  this court finds that removal was proper.

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to
12  remand (doc. #7) be, and the same hereby is, DENIED.

13  DATED September 14, 2010.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -