# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YVETTE WEINSTEIN,

    Plaintiff,

v.

PREFERRED HOME MORTGAGE COMPANY, et al.,

    Defendants.

2:10-CV-1125 JCM (LRL)

## ORDER

Presently before the court are defendant American Home Mortgage Servicing, Inc.'s (hereinafter "AHMS") motion to dismiss (doc. #4) and motion to strike (doc. #5). The plaintiff responded to the motion to dismiss (doc. #10), and the defendant replied (doc. #14). Plaintiff also responded to the motion to strike (doc. #8), but the defendant has not replied.

On August 12, 2010, the plaintiff filed the amended complaint against AHMS, the loan servicing company, and Preferred Home Mortgage Company (hereinafter "PHMC"), the lender, and others (doc. #1-2). The complaint alleges ten causes of action, seven of which implicate defendant AHMS. AHMS now comes before the court seeking to dismiss each of the seven causes of action against it (doc. #4), and seeking to strike portions of the complaint requesting punitive damages against AHMS (doc. #5).

**I.     MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

**James C. Mahan**
**U.S. District Judge**

1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Here, the court finds that the plaintiff has not pled sufficient facts to survive defendant AHMS' motion to dismiss on any claim.

### A.    Claim 3 – Unfair Lending Practices

Plaintiffs third claim for relief alleges that the defendants engaged in unfair lending practices, as defined in NRS 598D.100. Such practices are only actionable when committed by a "lender," defined as "a mortgagee, beneficiary of a deed of trust or other creditor who holds a mortgage, deed of trust or other instrument that encumbers home property as security for the repayment of a home loan." NRS 598D.050.

Defendant AHMS is the servicing company that administers the mortgage for the lender, defendant PHMC. Accordingly, AHMS is not a "lender," and the third cause of action is dismissed as to AHMS.

### B.    Claims 4, 5 and 6 – Fraud

Under Nevada law, "[a]n action may be brought by any person who is victim of consumer fraud." NRS § 41.600(1). However, the claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Here, the plaintiff has alleged three claims of fraud – claim four, claim five, and claim six. The fourth claim alleges consumer fraud and violations of NRS 41.600 and NRS 598. Plaintiff states that "Mortgage Broker, Mortgage Purchaser Company [AHMS], and Lender . . . performed acts and omitted performing acts which constitute a deceptive trade practice under one or more provisions

James C. Mahan
U.S. District Judge

- 2 -

1  of NRS 598.0903 *et. seq.*" (Doc. #1-2, compl., ¶ 82).

2        These allegations are insufficient to meet the heightened pleading requirement for claims of
3  fraud under Rule 9(b). Plaintiff has not identified acts, committed by specific defendants, which
4  would constitute deceptive trade practices or consumer fraud. Plaintiff also fails to cite specific
5  provisions of Nevada statutes that defendants have violated. Accordingly, claim four is dismissed
6  as to defendant AHMS.

7        In the fifth claim for relief, plaintiff alleges that "[d]efendants ignored loan documents that
8  were defective on their face, and issued or purchased the loan without all conditions of the loan being
9  met and without the necessary documents being provided." (Doc. #1-2, compl., ¶ 89). Again,
10 plaintiff fails to demonstrate how the loan documents were defective on their face and has not cited
11 specific documents as missing. Most importantly, the plaintiff has failed to allege how AHMS,
12 which subsequently serviced the loan for the lender, was involved in the loan origination process at
13 all. Accordingly, the fifth cause of action is dismissed as to AHMS.

14       Finally, the sixth claim for relief alleges that the defendants committed constructive fraud.
15 "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt,
16 the law declares fraudulent because of its tendency to deceive others or to violate confidence . . .
17 [and] may arise where there has been a breach of duty arising out of a fiduciary or confidential
18 matter." *Exec. Mgmt. Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998).

19       No such fiduciary relationship exists between a borrower and a mortgage service company.
20 *See Yerington Ford, Inc. v. Gerard Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1092 (D. Nev.
21 2004). Furthermore, the plaintiff has failed to allege that AHMS was anything more than a company
22 servicing the loan. Accordingly, no equitable duty exists and the sixth cause of action is dismissed
23 as to defendant AHMS.

24     C.    <u>Claim 7 – Negligent Misrepresentation</u>

25       Plaintiff alleges that the defendants "made statements to Debtor which these Defendants
26 reasonably should have known were false, or Defendants omitted telling Debtor material facts which
27 these Defendants reasonably should have known were needed by Debtor to be reasonably informed

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

prior to making a decision with respect to entering into the loan agreement." (Doc. #1-2, Compl., ¶ 116). Again, this claim must fail as to defendant AHMS because AHMS was not involved in originating the loan; it was only involved in the loan servicing process. Accordingly, claim seven is dismissed as to defendant AHMS.

D. <u>Claim 8 – Negligence</u>

"To recover under a negligence theory, the complainant must prove four elements: (1) that the defendant owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant suffered damages. *Hammerstein v. Jean Dev. West*, 907 P.2d 975, 977 (Nev. 1995).

Here, plaintiff is unable to prove that defendant AHMS, the loan servicing company, owes a duty of care to the borrower or that any duty has been breached. Furthermore, plaintiff's bare assertions that defendants' acts "fell below the standard of reasonableness for persons in each of Defendants [sic] particular profession and occupation" (doc. #1-2, compl., ¶ 126), and that "Defendants failed to comply with one or more statutes, rules, ordinances or codes which existed to protect persons such as Debtor from harm" (doc. #1-2, compl., ¶ 129) are insufficient to withstand a motion to dismiss. Accordingly, plaintiff's eighth cause of action is dismissed as to defendant AHMS.

E. <u>Claim 10 – Conspiracy</u>

To allege a conspiracy to defraud, a complaint must meet the particularly requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The plaintiff has failed to plead its conspiracy claim with particularity as required under Rule 9(b). The complaint is devoid of any act indicating that AHMS joined the conspiracy. The general allegation that "Defendants and each of them knew, or reasonably should have known, of the wrongful acts of each other Defendant carried out in furtherance of the common plan" (doc. #1-2,

James C. Mahan
U.S. District Judge

- 4 -

compl., ¶ 141) is insufficient to survive a motion to dismiss. Accordingly, plaintiff's tenth cause of action is dismissed as to defendant AHMS.

### III. MOTION TO STRIKE

Whereas the court has found that all of the plaintiff's claims against defendant AHMS are unable to withstand AHMS' motion to dismiss, the motion to strike is denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant American Home Mortgage Servicing, Inc.'s motion to dismiss (doc. #4) is hereby GRANTED. The case is dismissed as to defendant American Home Mortgage Servicing, Inc.

IT IS FURTHER ORDERED that defendant American Home Mortgage Servicing, Inc.'s motion to strike (doc. #5) is hereby DENIED as moot.

IT IS FURTHER ORDERED that the hearing scheduled for October 20, 2010, at 10:30 a.m. is hereby VACATED.

DATED October 6, 2010.

*[signature]*
**UNITED STATES DISTRICT JUDGE**